18-2816-cv
*Costabile v. NYCHHC, et al.*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 18-2816-cv

ROCCO COSTABILE,
*Plaintiff-Appellant*,

v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; MALICK
BYRNE; DOLORES M. LEITE; AND SHOBA JOSEPH,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: JANUARY 30, 2020
DECIDED: FEBRUARY 25, 2020

Before: CABRANES, SACK, AND LOHIER, *Circuit Judges*.

Plaintiff-Appellant Rocco Costabile ("Plaintiff") appeals from an August 21, 2018 judgment of the District Court (Robert W. Sweet, *Judge*) granting the motion to dismiss of Defendants-Appellees New York City Health and Hospitals Corporation, Malick Byrne, Dolores Leite, and Shoba Joseph, in an action alleging violations of the Rehabilitation Act of 1973 and related state and municipal laws. Plaintiff also sues under 42 U.S.C. § 1983 for the same alleged violations of the Rehabilitation Act. The main questions presented in this appeal are (1) whether an employee alleging a failure-to-accommodate claim under the Rehabilitation Act has carried his initial burden to make a *prima facie* case where the employer allegedly has notice that the employee is on extended disability leave, but the employee never requests an accommodation; and (2) whether rights established by the Rehabilitation Act are enforceable under 42 U.S.C. § 1983.

We conclude that an employee cannot make a *prima facie* case against his employer for failure to provide a reasonable accommodation under the circumstances presented here. We also conclude that the rights established by the Rehabilitation Act are not enforceable under 42 U.S.C. § 1983. Accordingly, we **AFFIRM** the District Court's judgment.

---

MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY, *for Plaintiff-Appellant*.

2

MacKenzie Fillow, Assistant Corporation Counsel (Richard P. Dearing and Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees*.

———————

Per Curiam:

Plaintiff-Appellant Rocco Costabile ("Plaintiff") appeals from an August 21, 2018 judgment of the District Court (Robert W. Sweet, *Judge*) granting the motion to dismiss of Defendants-Appellees New York City Health and Hospitals Corporation ("NYCHHC"), Malick Byrne, Dolores Leite, and Shoba Joseph (jointly, "Defendants"), in an action alleging violations of the Rehabilitation Act of 1973 and related state and municipal laws. Plaintiff also sues under 42 U.S.C. § 1983 for the same alleged violations of the Rehabilitation Act.

There are two main questions presented in this appeal. First, we consider whether an employee alleging a failure-to-accommodate claim under the Rehabilitation Act has carried his initial burden to make a *prima facie* case where the employer allegedly has notice that the employee is on extended disability leave, but the employee never requests an accommodation. On *de novo* review, we conclude that an employee cannot make a *prima facie* case against his employer for

3

failure to provide a reasonable accommodation under the circumstances presented in this appeal. Second, we consider whether rights established by the Rehabilitation Act are enforceable under 42 U.S.C. § 1983. We conclude that they are not. Accordingly, we **AFFIRM** the District Court's judgment dismissing Plaintiff's claims brought under the Rehabilitation Act and 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff worked as a carpenter for NYCHHC from approximately July 2001 to September 2015. During that period, he suffered several work-related injuries for which he took multiple leaves of absence before returning to full-time employment. Plaintiff also has multiple sclerosis, which primarily impairs his vision. Plaintiff has alleged that his on-the-job injuries and multiple sclerosis substantially limit his major life activities.

After sustaining a work-related injury in May 2014, Plaintiff remained on a leave of absence from his position as a permanent carpenter for over a year. During his leave, pursuant to NYCHHC policy, Plaintiff "provided NYCHHC with regular updates from his doctor as to his condition and ability to work."[1]

On August 10, 2015, Jeff Smodish, Associate Director of Human Resources at NYCHHC, sent Plaintiff a letter regarding his leave status (the "Notice"). The Notice explained that his leave period was

---

[1] Joint Appendix ("JA") at 19.

4

expiring, and that Plaintiff would be fired from his job on September 10, 2015, unless he "submit[s] medical documentation prior to that date stating that [he is] fit to return to full duty."[2] The Notice did not define "full duty" and did not offer Plaintiff any specific accommodation in returning to work. The Notice referenced and attached a copy of Section 7.3.4 of the New York City Health and Hospitals Corporation Personnel Rules and Regulations, which sets forth Plaintiff's rights concerning requests for reinstatement following "termination" at the expiration of disability leave.[3] The attachment indicates that permanent employees may take up to one year of leave because of a job-related disability but may be fired thereafter. It further provides that:

> *If, upon appeal to the Personal Review Board [("PRB")] within one year following termination of the disability or disease the PRB medial officer certifies that such person is* physically, *medically*, and mentally fit to perform the *essential* duties of his/her former title *with or without a reasonable accommodation*, he/she shall be reinstated to his/her former title if there is a vacancy or to a similar or lower tittle in the same occupational field or to a vacant position for which he/she is eligible for transfer.[4]

Plaintiff avers that he interpreted the letter to mean that he could only return to "full duty" if he could complete all functions of his job

---

[2] *Id.* at 28.

[3] *Id.* at 30.

[4] *Id.* (emphasis in original).

*without* accommodation. He alleges that, although he could perform the job's essential functions with or without accommodations, he could no longer perform certain functions, like climbing and descending ladders, that were "marginal functions" of the carpenter job, even with an accommodation. Plaintiff did not respond to the Notice and was therefore fired in September 2015. At no point did Plaintiff request any accommodation from Defendants. Plaintiff alleges that his disability is ongoing. He did not appeal to the PRB for reinstatement.

On November 2, 2017, Plaintiff, proceeding *pro se*, filed the instant suit before the District Court. Plaintiff's amended complaint alleges that Defendants failed to provide him with a reasonable accommodation for his alleged disability in violation of Section 504 the Rehabilitation Act of 1973, codified at 29 U.S.C.A. §§ 701, *et seq.*, and in violation of 42 U.S.C. § 1983.[5] The District Court read the *pro se* complaint as alleging a failure-to-accommodate claim based on the factual allegations relating to Plaintiff's September 2015 firing. Relying on the general proposition that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted,"[6] the District Court concluded that Plaintiff failed to exhaust his administrative remedies and dismissed

---

[5] The amended complaint also alleges violations of the New York State Human Rights Law and New York City Human Rights Law, but these claims are not raised on appeal.

[6] *Kennedy v. Empire Blue Cross Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993).

the claim because Plaintiff did not file medical documentation with his employer or appeal his firing to the PRB. The District Court also dismissed Plaintiff's claim under 42 U.S.C. § 1983 because Plaintiff failed to state a claim against NYCHHC under *Monell v. Department of Social Services of City of New York*,[7] and against the individual defendants for failure to plausibly allege their "personal involvement" under *Patterson v. Cty. of Oneida, N.Y.*[8]

Plaintiff, represented by counsel on appeal, now challenges the dismissal of his Rehabilitation Act and § 1983 claims.[9] For the reasons stated below, we find Plaintiff's arguments to be without merit and affirm the judgment of the District Court dismissing the complaint.

## II. DISCUSSION

On appeal, Plaintiff challenges the dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(6). We review that dismissal *de novo*.[10] Specifically, we accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the

---

[7] 436 U.S. 658 (1978).

[8] 375 F.3d 206, 226 (2d Cir. 2004).

[9] Plaintiff also appears to argue violations of the Americans with Disabilities Act (the "ADA") in his opening brief. Plaintiff now concedes that those references were inadvertent, as they are not addressed in his reply brief. Accordingly, we do not consider Plaintiff's references to the ADA.

[10] *Harris v. Mills*, 572 F. 3d 66, 71 (2d Cir. 2009).

non-movant.[11] We also construe Plaintiff's *pro se* complaint liberally to raise the strongest arguments that it suggests.[12] To survive dismissal, however, a complaint must plead "enough facts to state a claim to relief that is plausible on its face,"[13] and that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] Finally, "though we are obligated to draw the most favorable inferences that [plaintiff's] complaint supports, we cannot invent factual allegations that he has not pled."[16]

## A.

Plaintiff's amended complaint alleges that Defendants failed to provide him with a reasonable accommodation for his alleged disability in violation of Section 504 of the Rehabilitation Act. To establish a *prima facie* case of discrimination under the Rehabilitation Act based on an employer's failure to accommodate a disability, a plaintiff must demonstrate that "(1) the plaintiff is a person with a

---

[11] *Id.*

[12] *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 141 (2d Cir. 2002).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Harris*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and brackets omitted).

[16] *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

disability under the meaning of the statute in question; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."[17]

Our focus here relates to the second and fourth elements. "[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed."[18] We held in *Brady v. Walmart*,[19] however, that where "the disability is obvious—which is to say, if the employer knew or reasonably should have known that the employee was disabled," the employer is obligated to engage in "an interactive process with their employees and in that way work together to assess whether an employee's disability can be reasonably accommodated."[20] To trigger the duty to engage the interactive accommodations process, the employer must have known, or have had sufficient notice such that the employer reasonably should

---

[17] *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019) (internal citations and quotations omitted).

[18] *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) (internal quotation marks omitted).

[19] 531 F.3d 127 (2d Cir. 2008).

[20] *Id.* at 135; *accord McElwee v. Cty. of Orange*, 700 F.3d 635, 642 (2d Cir. 2012) ("[U]nder certain circumstances, an employer is required to act proactively and engage in an interactive process to accommodate the disability of an employee even if the employee does not request accommodation.").

have known, that the employee has a disability within the meaning of the Act, as opposed to a mere impairment.[21]

The District Court concluded that Plaintiff failed to state a reasonable accommodation claim because, by not responding to the Notice or appealing to the PRB, Plaintiff failed to exhaust NYCHHC's administrative remedies. But we have never held that a Rehabilitation Act claim against a non-federal employer is subject to an administrative exhaustion requirement, nor is there any statutory basis for imposing one.[22] Accordingly, we reject the District Court's conclusion that Plaintiff failed to state a reasonable accommodation claim because, by not responding to the Notice or appealing to the PRB, Plaintiff failed to exhaust NYCHHC's administrative remedies.

The question on appeal, therefore, is whether Plaintiff sufficiently alleged that Defendants had knowledge of his disability and were therefore obligated under *Brady* to initiate an interactive

---

[21] *Brady*, 531 F.3d at 134; *see also Widomski v. State Univ. of N.Y.*, 748 F.3d 471, 475 (2d Cir. 2014).

[22] *Mary Jo C. v. NY State & Local Retirement Sys.*, 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Courts have construed [29 U.S.C. § 794a, the applicable procedures and remedies] section of the Rehabilitation Act[,] as not imposing any exhaustion requirement as to claims against a recipient of federal funding, but as imposing one as to claims against a federal employer."); *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 579 (2d Cir. 2003) (stating that, to state a reasonable accommodation claim under Title II, which incorporates 29 U.S.C. § 794a, "a plaintiff must first use the procedures available to notify the governmental entity that it seeks an exception or variance from [a] facially neutral law," but distinguishing that notice requirement from an exhaustion requirement).

accommodation process "to assess whether an employee's disability can be reasonably accommodated."[23] On review of the record before us, we hold that he has not.

Plaintiff does not allege that he ever requested an accommodation from Defendants, either formally or informally. It is undisputed that Defendants knew Plaintiff was on an extended disability leave from work-related injuries. But this alone is insufficient to plausibly allege notice that those injuries constituted a disability under the Act. As Plaintiff alleged, he took work-related disability leave on multiple prior occasions for conditions that did not prevent him from returning to work without any accommodations. Similarly, while Plaintiff alleged that Defendants received notice of his multiple sclerosis diagnosis in April 2010, his multiple sclerosis was not a qualifying disability at that time, as he continued working without any accommodations until his 2014 leave.

Finally, although Plaintiff alleged that Defendants received "regular updates from his doctor on his condition and ability to work,"[24] he alleged no facts about the content of those updates from which it could plausibly be inferred that Plaintiff's disability was "obvious" to Defendants.[25]  In *Brady*, the employer directly observed the plaintiff in the workplace, and the plaintiff's supervisor effectively

---

[23] *Id.* at 135.

[24] JA 19.

[25] *Brady*, 531 F.3d at 135.

11

admitted that she perceived him to be disabled.[26] Here, by contrast, Plaintiff at most alleged that his doctor informed Defendants that his condition required leave. We cannot reasonably infer from that general allegation that the updates adequately informed Defendants about the nature of Plaintiff's condition such that Defendants should have known he was disabled[27] and that Plaintiff was thereby excused from the requirement that he request an accommodation.

Because Plaintiff failed to plausibly allege that Defendants knew or should reasonably have known he was disabled, Defendants were under no obligation to initiate the interactive process, and Plaintiff's failure to affirmatively request an accommodation is a sound basis for dismissal of his claim.

B.

Finally, we also affirm the judgment of the District Court dismissing Plaintiff's § 1983 claim. That claim merely restates the alleged violation of the Rehabilitation Act. The question of whether rights established in the Rehabilitation Act may be enforced under § 1983 presents an issue of first impression in this Circuit. Several of our Sister Circuits have addressed the issue, and all have concluded that § 1983 cannot be used to alter the categories of persons potentially

---

[26] *Id.* at 134.

[27] Even for a *pro se* complaint, "we cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

liable in private actions under the Rehabilitation Act or the ADA.[28] The Third Circuit's decision in *A.W. v. Jersey City Public Schools*,[29] holding that § 1983 may not be used to enforce the rights provided in the Rehabilitation Act, is particularly relevant in this appeal. We find that decision persuasive.

We conclude that the comprehensive remedial scheme of the Rehabilitation Act suggests that Congress did not intend that § 1983 be an available remedy.[30] Because nothing has been directed to our attention to challenge the "ordinary inference that the remedy provided in the statute is exclusive,"[31] we hold that the rights

---

[28] *Tri–Corp Hous. Inc. v. Bauman*, 826 F.3d 446, 448–49 (7th Cir. 2016) (ADA and Rehabilitation Act); *Ramirez–Senda v. Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008) (ADA and Rehabilitation Act); *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 803–06 (3d Cir. 2007) (en banc) (Rehabilitation Act); *Lollar v. Baker*, 196 F.3d 603, 608–10 (5th Cir. 1999) (Rehabilitation Act); *Alsbrook v. Maumelle*, 184 F.3d 999, 1010–12 (8th Cir. 1999) (en banc) (ADA); *Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir. 2002) (ADA and Rehabilitation Act); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1530–31 (11th Cir. 1997) (ADA and Rehabilitation Act).

[29] 486 F.3d at 803–06.

[30] The Rehabilitation Act adopts the scheme of "remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964," 42 U.S.C. § 2000d *et seq.,* to remedy alleged violations of . . . Section 504 by recipients of federal funding. 29 U.S.C. § 794a(a)(2). The "remedies for violations of § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002).

[31] *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 122 (2005).

13

established in the Rehabilitation Act may not be enforced through § 1983.[32]

### III. CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 21, 2018 judgment of the District Court.

---

[32] *See Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 161 (2d Cir. 2005) (holding that plaintiff could not enforce, through a § 1983 action, protections provided by the Uniformed Services Employment and Reemployment Rights Act where plaintiff was unable to point to any indication, express or implicit, that the remedy provided in the Act is to complement, rather than supplant, § 1983).