20-1543-cv
*Jones v. N.Y.C. Transit Auth.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges,*
Lewis A. Kaplan,
*District Judge.*[*]

---

MECCA JONES,

*Plaintiff-Appellant,*                                      20-1543-cv

v.

NEW YORK CITY TRANSIT AUTHORITY,

*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Mecca Jones, *pro se*, Springfield Gardens, NY.

**FOR DEFENDANT-APPELLEE:**          David Farber, Alexis Downs, Byron Z. Zinonos, Brooklyn, NY.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Through counsel, Mecca Jones ("Jones") sued her former employer, the New York City Transit Authority ("NYCTA"), asserting discrimination, failure-to-accommodate, and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–101 et seq. The District Court granted summary judgment to the NYCTA because it determined that, even if Jones were disabled within the meaning of the ADA, the NYCTA was not aware of her disability, so Jones could not establish a prima facie discrimination or failure-to-accommodate claim under any of these statutes. Jones, pro se, appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Jones does not specify which of her claims were erroneously dismissed, but challenges the District Court's finding that she did not notify the NYCTA of her disability, which was its reason for dismissing the discrimination and failure-to-accommodate claims. She does not discuss any aspect of her retaliation claims, however, and has thus waived any challenge to the District Court's dismissal of those claims. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing [her]self is obliged to set out identifiable arguments in [her] principal brief." (internal quotation marks omitted)).

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). On a motion for summary judgment in the district court, "[t]he moving party bears the initial burden of showing that there is no genuine dispute as to a material fact. But where the burden of proof at trial would fall on the nonmoving party, the moving party can shift the initial burden by pointing to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks, citation, and alteration omitted).

"In an employment discrimination case, a plaintiff has the burden at the outset to prove by the preponderance of the evidence a prima facie case of discrimination." *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002) (internal quotation marks omitted).

> To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) [her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of [her] disability. Similarly, to establish a *prima facie* case for failure to provide a reasonable accommodation, a plaintiff also must satisfy the first three factors, but for the fourth factor, [s]he must show by a preponderance of the evidence that [her] employer refused to make a reasonable accommodation.

*Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020). Only where the employer knew, or reasonably should have known, that the employee has a disability within the meaning of the Act does the employer have a duty to "engage in an interactive process with the[] employee[] and in that way work together to assess whether an employee's disability can be reasonably accommodated." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (internal quotation marks omitted). "Generally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Id.* (internal quotation marks and alteration omitted). The employer's knowledge of the employee's disability is also required to establish the fourth element of a prima facie discrimination case, because the disability must be the but-for cause of the plaintiff's adverse employment action to satisfy that element. *Natofsky v. City of New York*, 921 F.3d 337, 349 (2d Cir. 2019).[1]

---

[1] Discrimination claims under the NYSHRL are governed by the same legal standards as federal ADA claims. *Rodal v. Anesthesia Grp. of Onondaga, P.C.,* 369 F.3d 113, 117 n. 1 (2d Cir. 2004). We have indicated that the definition of a disability under the NYSHRL and NYCHRL is broader than the ADA definition, *Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 233 (2d Cir. 2000), but that distinction is irrelevant where, as here, disability is not the determining factor because we assume that element has been satisfied. Based on 2005 amendments to the NYCHRL, we no longer construe NYCHRL to be "coextensive with its federal and state counterparts"; instead, we "must analyze NYCHRL claims separately and independently from any federal and state law claims, construing its provisions broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 75 (2d Cir. 2015) (internal quotation marks and alterations omitted). However, under the NYCHRL, a "plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive*." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Accordingly, Jones's NYSHRL and NYCHRL claims fail for the same reasons as her ADA claims, namely, that she fails to show NYCTA was aware of her disability.

## I.    ADA Disability and the NYCTA's Knowledge

A person has a "disability" under the ADA if she has: (a) "a physical or mental impairment that substantially limits one or more [of her] major life activities," (b) "a record of such an impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii). To determine whether a major life activity is substantially limited by an impairment, this Court considers, among other factors, "the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact." *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005).

Jones testified that her disability was deep vein thrombosis ("DVT"), which caused muscle and nerve damage to her legs, making them weak. As a result of this condition, she could walk only three or four blocks before needing to sit down, and her knees hurt when she climbed more than one flight of stairs. The parties also agree that she was not able to climb into an "R-68" model train car when she attempted to do so on January 17, 2017, which indicates some limitation in her ability to climb.

Assuming, without deciding, that this evidence is sufficient to demonstrate that Jones had a disability within the meaning of the ADA, satisfying the second element of a prima facie case, the record admits no genuine issue of material fact as to whether she made the NYCTA aware of her disability, as necessary to establish the fourth element. Jones explicitly testified that she did not tell her supervisors about her DVT. She also did not disclose this condition or any resulting muscle weakness or nerve damage where appropriate on the health questionnaire she signed in October 2017 as part of her pre-employment medical exam. In that questionnaire, Jones was asked whether she had or had ever had nerve problems, muscle problems, joint problems, or "any health conditions not mentioned above," and she responded "no" to those questions. Given these unqualified responses, Jones's asserted later disclosure of her DVT to a NYCTA nurse assessing Jones in a different respect is insufficient to demonstrate employer notice of disability requiring reasonable accommodation.

In sum, because Jones did not present the District Court with evidence sufficient to satisfy the fourth element of a prima facie discrimination or failure-to-accommodate claim, *Costabile*, 951 F.3d at 81; *Natofsky*, 921 F.3d at 349, the District Court correctly granted summary judgment to the NYCTA on these claims.

## II.    Qualification for the Job

Jones also failed to establish the third element of a prima facie case of discrimination or failure to accommodate under the ADA: that she was "otherwise qualified to perform the essential

functions" of the conductor position, "with or without reasonable accommodation." *Woolf*, 949 F.3d at 93. This provides an additional basis to affirm the District Court's judgment.

"Evidence of whether a particular function is essential [under the ADA] includes, but is not limited to: (i) The employer's judgment as to which functions are essential; (ii) Written job descriptions prepared before advertising or interviewing applicants for the job; (iii) The amount of time spent on the job performing the function; (iv) The consequences of not requiring the incumbent to perform the function; (v) The terms of a collective bargaining agreement; (vi) The work experience of past incumbents in the job; and/or (vii) The current work experience of incumbents in similar jobs." 29 C.F.R. § 1630.2(n)(3). "[A] court must give substantial deference to an employer's judgment as to whether a function is essential to the proper performance of a job." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 98 (2d Cir. 2009).

According to the Notice of Examination advertising the position, the NYCTA train conductor position has physical requirements including "walking along subway tracks; stepping over rails . . . ; ascending and descending from trains and catwalks to roadbeds; . . . remaining in a standing position for extended periods of time; and lifting heavy equipment." The parties agreed that "[i]n order to successfully complete training, a probationary Conductor must demonstrate that she can climb into and out of a train car from the tracks on every model train in the Division. [The NYCTA] cannot waive the requirement[.]" Jones's supervisors testified regarding both typical circumstances in which a conductor would be required to do so as part of her job, as well as personal experiences in which they were required to do so during emergencies. They explained the reason for this requirement to be that a conductor was not guaranteed to work on only one line or on one model train but could be required to work on any one of several train lines, each using various model cars, as need and seniority dictated. Jones's reply brief, like her complaint and other parts of the record, makes clear that she could not climb into the R-68 train "because it was not som[e]thing that [she] could physical[l]y do" with her limited leg strength. To the extent she argues that NYCTA should have accommodated her disability by effectively waiving its all-train physical requirements in her case, that is not an accommodation that allows performance of the job being filled but, rather, the creation of a different job, which the ADA does not demand. *See Parisi v. Coca-Cola Bottling Co. of N.Y.*, 172 F.3d 38 (2d Cir. 1999). Based on this evidence, a reasonable jury could not conclude that Jones was otherwise qualified to perform the essential functions of a NYCTA train conductor.

## CONCLUSION

We have reviewed all of the arguments raised by Jones on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 31, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk