19-3999-cv
*Frantti v. State of New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
                     *Circuit Judges,*
           Lewis A. Kaplan,
                     *District Judge.*[*]

---

TRAVIS JARRETT FRANTTI,

          *Plaintiff-Appellant,*                    19-3999-cv

          v.

STATE OF NEW YORK, SUSAN KNAPP, MARY BETH LABATE, KAREN DAVIS, KAREN ORCUTT, CHRISTOPHER AMADO, ROBERT MUJICA,

          *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          ALLEN A. SHOIKHETBROD, Tully Rinckey, PLLC, Albany, NY.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**
JOSEPH M. SPADOLA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; *on the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on October 30, 2019 is **AFFIRMED**.

Travis Frantti ("Frantti") sued his former employer, the State of New York, and various employees and officials at the State Division of Budget and the Division of Criminal Justice Services (jointly, "New York"), alleging discrimination and retaliation under Titles I and V of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101 *et seq.*, and discrimination under Section 504 of the Rehabilitation Act, *see* 29 U.S.C. § 794. The District Court granted summary judgment to New York because, (1) as to Frantti's discrimination claim, no reasonable accommodation would have enabled him to perform the essential functions of his job; and, (2) as to Frantti's retaliation claim, he failed to oppose New York's motion for summary judgment, and, in any event, there was no record evidence that New York had taken an "adverse action" against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo. *See Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir. 2000). In doing so, we "view the record in the light most favorable [to the non-moving party]." *Jackson v. Fed. Express*, 766 F.3d 189, 192 (2d Cir. 2014). "Summary judgment may be granted only if there is no genuine issue of material fact to be tried and the moving party is therefore entitled to judgment as a matter of law." *Winter v. United States*, 196 F.3d 339, 346 (2d Cir. 1999) (citing Fed. R. Civ. P. 56(a)).

### A. Local Rule 7.1(a)(3)

On appeal, Frantti argues that the District Court abused its discretion when it adopted New York's statement of undisputed material facts as true when Frantti, represented by counsel, "failed to properly oppose the statement . . . in accordance with Local Rule 7.1(a)(3)." SPA 43. That rule states, in relevant part, "The opposing party shall file a response to the [movant's] Statement of Material Facts." N.D.N.Y. R. 7.1(a)(3) (2019). The rule also warns that "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *Id.* (emphasis in original). But we have held that district courts have "considerable latitude [to] fashion[] rules that will assist them in determining whether

summary judgment is appropriate." *Amnesty America v. Town of West Hartford*, 288 F.3d 467, 471 (2d Cir. 2002). Such rules serve the interests of judicial economy, "streamlin[ing] the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). While "[r]eliance on a party's statement of undisputed facts may not be warranted where those facts are unsupported by the record," *N.Y. State Teamsters Conf. Pension and Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005), the District Court here undertook its own thorough review of the summary judgment record and found the defendants' summary judgment filing to be "properly supported," SPA 45. Accordingly, we cannot find that the District Court abused its discretion when it adopted New York's statement of undisputed material facts.

## B. Disability Discrimination Claim

In employment discrimination cases, "the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981). ADA and Rehabilitation Act claims are governed under the familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Both the ADA and the Rehabilitation Act require employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (quoting 42 U.S.C. § 12112(b)(5)(A)). To establish a prima facie case for failure to accommodate, a plaintiff must show (1) he is a "person with a disability;" (2) "an employer covered by the statute had notice of his disability;" (3) "with reasonable accommodation, [he] could perform the essential functions of the job;" and (4) "the employer . . . refused to make such accommodations." *Id.* at 97.

Not all accommodations are reasonable, however. As the quoted language indicates, an accommodation "is not reasonable if it, in essence, requires an employer to eliminate an essential function of a job." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 120 (2d Cir. 2004). "Although the term 'essential functions' is not defined by the ADA, regulations promulgated by the Equal Employment Opportunity Commission . . . indicate that it encompasses 'the fundamental job duties of the employment position.'" *McBride*, 583 F.3d at 98 (quoting 29 C.F.R. § 1630(2)(n)(1)). "In approaching this inquiry, a court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position." *Shannon v. New York City Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003) (internal quotation marks and alterations omitted). It may also consider as evidence "written job descriptions, the amount of time spent on the job performing the function, and the consequences of not requiring the plaintiff to perform the function." *Rodal*, 369 F.3d 120–21.

Assuming that Frantti has established that (1) he has a disability and (2) New York had notice of his disability, our review of the record reveals that Frantti has not raised a genuine issue of material fact with respect to his ability to perform the essential functions of his job even with

reasonable accommodations. In his brief, Frantti identifies as reasonable accommodations being allowed to work remotely from home or an alternative work schedule. Appellant's Br. at 42-45. But, as the District Court noted, the undisputed evidence indicated that Frantti's job required him "to perform involved analysis on complex, collaborative projects that unfolded over long periods of time." SPA 49 (internal quotation marks omitted). He also needed to be "in the office and available on a consistent basis, for assignments" and to communicate with co-workers and other parties. *Id.* His employer, the Division of Criminal Justice Services, could not technically accommodate remote work—quaint as that may seem to us now during this extraordinary era of pandemic-necessitated remote work. Moreover, record evidence of Frantti's extensive absences from work and his incapacitation even at home, indicates that his gastrointestinal illness was so severe that he could not work with regularity, even with his suggested accommodations.

Finally, we can find no evidence in the record that Frantti requested these accommodations from his employer. We have held that "it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020). In his brief, Frantti points to an email he sent to Human Resources "to explore the possibility of a modified work schedule," but he identifies nothing in the record showing that he followed up after Human Resources directed him to online information about New York's policies and provided him with a copy of the application. Appellant's Br. at 29. Later, after Frantti identified the psychological root of his gastrointestinal symptoms, he resigned instead of seeking accommodations. Accordingly, Frantti has also failed to raise a genuine issue of material fact with respect to whether New York "refused" to make accommodations. *McBride*, 583 F.3d at 97.

## C. Retaliation

Finally, Frantti argues both that he did not abandon any retaliation claim before the District Court and that he established a *prima facie* case of retaliation. We disagree with respect to both arguments.

First, Frantti did not brief his retaliation claim in opposition to New York's motion for summary judgment. "[I]t is a well-established rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). While we may exercise our discretion to consider forfeited arguments, the circumstances "normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (quotation marks and alterations omitted).

But even if we were to consider Frantti's retaliation claim, it would fail. Like discrimination claims, retaliation claims are analyzed using the *McDonnell Douglas* burden-shifting framework. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001). To establish a prima facie

case of retaliation, Frantti must show that: "(1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Once a plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate non-retaliatory reason for the challenged employment action. If the defendant meets the burden, the plaintiff must adduce evidence "that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* at 721.

In support of his retaliation claim, Frantti cites as an example of protected activity a January 2014 email he sent seeking reassignment to the Division of Budget. The email does not constitute a "protected" activity, however, because Frantti there neither complains of discrimination nor seeks an accommodation. *See, e.g.*, *id.* at 720 ("[A]ttempts to assert [] rights against discrimination are protected activities"); *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002) ("[S]eeking reasonable accommodation . . . constitutes protected activity under Section 504/ADA."). Because the January 2014 email was not a protected activity, the two adverse actions Frantti cites—a "disciplinary meeting" in January 2014 and Frantti's placement on "documentation status" in March 2014—cannot support his claim because the "causal connection needed for a proof of retaliation claim" requires "showing that the protected activity was . . . *followed in time* by the adverse action." *Cifra v. G.E. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (quotation marks omitted) (emphasis added). Frantti also identifies discrimination complaints that he filed from May to September 2015 as protected activities. There is no triable issue, however, regarding whether the adverse actions Frantti complains of from 2015—including (1) the denial of his "General Salary Increase and Performance Advance," (2) his "below-expectations performance evaluation," and (3) the docking of his pay following undocumented work absences—are causally connected to these 2015 complaints. As the District Court correctly observed, Frantti's employer applied the same absence and tardiness policies to him before and after his 2015 complaints. Moreover, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (rejecting retaliation claim where allegedly adverse actions "were both part, and the ultimate product, of an extensive period of progressive discipline, which began . . . a full five months prior to [plaintiff's] filing of the EEOC charges" (quotation marks and emphasis omitted)). Accordingly, Frantti has also failed to raise a genuine issue of material fact as to his retaliation claim.

## CONCLUSION

We have reviewed all of the arguments raised by Frantti on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 30, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk