*Colleen Dolac v. County of Erie, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of November, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             DIANE GUJARATI,[1]
                      *District Judge*.

_____

COLLEEN DOLAC,

                      *Plaintiff-Appellant*,

             v.                                            20-2044-cv

COUNTY OF ERIE, ERIE COUNTY SHERIFF'S OFFICE, AKA ERIE COUNTY SHERIFF'S DEPARTMENT, CHRISTA CUTRONA, RN, MSN DIRECTOR OF CORRECTIONAL HEALTH ESCO, IN HER OFFICIAL CAPACITY, MICHAEL REARDON, FIRST DEPUTY SUPERINTENDENT OF COMPLIANCE FOR THE ERIE COUNTY SHERIFF'S DEPARTMENT, IN HIS OFFICIAL CAPACITY,

                      *Defendants-Appellees*.

_____

[1] Judge Diane Gujarati, United States District Court for the Eastern District of New York, sitting by designation.

Appearing for Appellant:     Raymond P. Kot, II, Williamsville, N.Y.

Appearing for Appellee:     Daniel A. Spitzer, Hodgson Russ LLP (Pauline T. Muto, *on the brief*), Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Sinatra, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Colleen Dolac appeals from the June 1, 2020 judgment of the United States District Court for the Western District of New York (Sinatra, *J.*), granting Defendants County of Erie, Erie County Sheriff's Office, Christa Cutrona, and Michael Reardon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying Dolac leave to amend her complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dolac concedes that her original complaint was deficient as a matter of law and does not dispute that the district court's dismissal was proper. Rather, Dolac argues that the district court abused its discretion when it denied her motion for leave to amend her complain on the ground that the amendments would be futile. Although we generally review determinations for denial of leave to amend for abuse of discretion, "where the determination is based upon a legal interpretation, de novo review is appropriate." *Mortimer Off Shore Services, Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 114 (2d Cir. 2010) (citation omitted). "It is well-established that '[o]ne good reason to deny leave to amend is when such leave would be futile,' specifically when 'the additional information d[oes] not cure the complaint.'" *Id*. (alterations in original) (quoting *Acito v. IMCERA Group, Inc*., 47 F.3d 47, 55 (2d Cir.1995)). Therefore, we review de novo a district court's denial of leave to amend on the ground of futility. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

Dolac's first argument that the district court applied the wrong standard in denying leave to amend is without merit. The district court properly reviewed the proposed amended complaints pursuant to a Rule 15(a) standard but concluded that Dolac's proposed amendments were futile. *See Dolac v. County of Erie*, 17-cv-1214 (JLS), 2020 WL 2840071, at *2 (W.D.N.Y. June 1, 2020).

Dolac's substantive arguments are similarly without merit. To establish a prima facie claim for failure to reasonably accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), a plaintiff must allege that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.,*, 583 F.3d 92, 97 (2d Cir. 2009)).

Dolac's proposed amendments to her complaint fail to set out a prima facie claim under the ADA. "[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." *Costabile v. N.Y.C. Health & Hosp. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (alteration in original) (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)). "[W]here 'the disability is obvious—which is to say, if the employer knew or reasonably should have known that the employee was disabled,' the employer is obligated to engage in 'an interactive process with their employees and in that way work together to assess whether an employee's disability can be reasonably accommodated.'" *Id.* (quoting *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008)). But to trigger the duty to engage in the interactive accommodations process, "the employer must have known, or have had sufficient notice such that the employer reasonably should have known, that the employee has a disability within the meaning of the Act, as opposed to a mere impairment." *Id.*

The allegations and attached exhibits of the proposed amended complaint fail to state a prima facie claim. The proposed amended complaint fails to state a prima facie claim because Dolac did not allege that she had a disability, or that she identified a disability to her employer, or sought an accommodation. The allegations indicate no mote than that Dolac submitted three faxed notes from a nurse practitioner stating "off work DBL," "continue DBL," and "continue disability." There is no allegation that the Department received any further information, or that Dolac responded to any inquiries from the Department. In *Costabile*, we held that although the plaintiff was sending regular updates to his employer, the plaintiff at most "alleged that his doctor informed Defendants that his condition required leave. We cannot reasonably infer from that general allegation that the updates adequately informed Defendants about the nature of Plaintiff's condition such that Defendants should have known he was disabled and that Plaintiff was thereby excused from the requirement that he request an accommodation." *Costabile*, 951 F.3d at 82. Here, Dolac alleges she sent three notes and the exhibits appear to indicate she refused to engage in further communication. In her briefing, Dolac argues that she was suffering from extreme stress and therefore could not communicate with her employer. But she cites to no cases that support her proposition that she did not have to communicate with her employer. Her interpretation would put the onus on the employer to determine whether its employee was suffering from a disability and then inquire as to what accommodation the employee would seek—actions not required by either the statute or case law.

Dolac also brings a claim for associational discrimination under the ADA, which prohibits, inter alia, "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association . . . ." 42 U.S.C. § 12112(b)(4). To sustain an "associational discrimination" claim, a plaintiff must plausibly allege: "1) that she was qualified for the job at the time of adverse employment action; 2) that she was subjected to adverse employment action; 3) that she was known at the time to have a relative or associate with a disability; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016).

Dolac alleges a claim of associational discrimination under the expense theory, which may arise when "an employee suffers adverse action because of his association with a disabled

3

individual covered by the employer's insurance, which the employer believes (rightly or wrongly) will be costly." *Id.* (quoting *Larimer v. Int'l Bus. Mach. Corp.*, 370 F.3d 698, 700 (7th Cir. 2004)).

Dolac's proposed second amended complaint alleges that defendants terminated her position "to save what it considered a sizeable sum of money for extended sick leave compensation for Plaintiff and health insurance payouts for Plaintiff's terminally ill husband's medical bills." Dolac further alleges that the Sheriff's Department "had access to her employment file" and was "aware at all times relevant to this case that Plaintiff possessed health insurance coverage that provided benefits to her terminally ill husband and due to the nature of his illness, metastatic cancer, the cost of health insurance benefits to Plaintiff's husband was a significant expense to their [sic] employer." But beyond these conclusory allegations, Dolac does not allege that defendants knew about her husband's medical expenses or that they were a motivating factor in her termination. Without more, Dolac's proposed amendments are futile.

Dolac also seeks to plead a disability retaliation claim. To establish a prima facie case of retaliation, a plaintiff must plead that: (1) she engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity. *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). Requesting a reasonable accommodation for a disability constitutes a protected activity under the ADA. *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002). A "'reasonable accommodation' is one that gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003) (citing *Alexander v. Choate*, 469 U.S. 287, 301 (1985)). Nevertheless, a "reasonable accommodation" cannot "mean elimination of any of the job's essential functions." *Gilbert v. Frank*, 949 F.2d 637, 644 (2d Cir. 1991). Dolac suggests that the three faxed notes from a nurse practitioner stating "off work DBL," "continue DBL," or "continue disability" constitute a request for a reasonable accommodation. These notes provide no notice to the employer that Plaintiff was disabled or that she was requesting a reasonable accommodation for a disability.

Finally, Dolac brings claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. In particular, she alleges that she and four other registered nurses, all in their 50s and 60s, were employed at the Erie County Holding Center, were wrongfully terminated, and then reinstated. Dolac was over the age of 40 years at the time of the events alleged in her proposed second amended complaint. Plaintiff further alleges that four registered nurses were hired in the recent past by the Department to work for the Erie County Holding Center who were in their early 30s and late 20s.

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a). To prevail on an ADEA age discrimination claim, it is not sufficient for a plaintiff to allege "that age was simply a motivating factor" in the employer's adverse action. *Lively v. WAFRA Investment Advisory Group Inc.*, 6 F.4th 293, 302–03 (2d Cir. 2021) (citing *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174 (2009)). Rather, to establish age discrimination under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* at 303 (quoting *Gross*, 557 U.S. at 176).

4

This but-for causation standard applies at the pleading stage, such that "to defeat a motion to dismiss or a motion for judgment on the pleadings, an ADEA plaintiff must plausibly allege that he would not have been terminated but for his age." *Id.*

Dolac's allegations do not satisfy this standard. Much of Dolac's briefing explains that she would like the chance to replead so she can more clearly state the ages of the younger nurses who allegedly replaced the older nurses. Such allegations fail to cure the fatal defect in her pleading: the lack of any allegation that she was fired because of her age. Alleging that four older nurses were fired and replaced by four younger nurses does not give rise to any inference that Dolac herself was fired because of her age. "[T]he replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination." *Fagan v. New York State Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999). Without more, Dolac cannot plead a viable age discrimination claim under the ADEA.

We have considered the remainder of Dolac's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5