25-58
*Thorpe v. Delta Air Lines, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-five.

PRESENT:   MYRNA PÉREZ,
                     SARAH A. L. MERRIAM,
                         *Circuit Judges.**

---------------------------------------------------------------
QUINCY THORPE,

     *Plaintiff-Appellant*,

   v.                                                                                      No. 25-58

DELTA AIR LINES, INC.,

     *Defendant-Appellee.*

---------------------------------------------------------------

---

\*    Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

FOR PLAINTIFF-APPELLANT:  NATRAJ S. BHUSHAN, Turturro Law, P.C., Staten Island, NY

FOR DEFENDANT-APPELLEE:  IRA G. ROSENSTEIN, (John P. Guyette, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Quincy Thorpe appeals from a December 9, 2024 judgment of the United States District Court for the Eastern District of New York dismissing his action against Delta Air Lines, Inc. ("Delta") for failure to state a claim. Thorpe appeals solely the dismissal of his malicious prosecution claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.      **Background**

While working for Delta at the John F. Kennedy International Airport ("JFK"), Thorpe sustained a work-related shoulder injury. The following day, he informed Delta of the injury and was excused from work. Delta subsequently authorized Thorpe to be placed on medical leave.

2

On the same day as Thorpe's injury, a bag of approximately $258,205 in cash was stolen while being transported at JFK to a Delta aircraft. Two days later, the FBI arrested Thorpe, while he was out on medical leave, on charges related to the stolen cash. Thorpe was subsequently indicted by a grand jury but was acquitted of all charges after a jury trial.

The operative complaint alleges, upon information and belief, that Delta knowingly provided false and/or misleading information to law enforcement which was material to Thorpe's indictment. In relevant part, the District Court found that Thorpe had failed to plausibly allege a malicious prosecution claim under New York law. Thorpe timely appealed.

## II. Discussion

We review a district court's dismissal for failure to state a claim *de novo*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020). "Under New York law, a malicious-prosecution claim requires a plaintiff to show '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions.'" *Dettelis v. Sharbaugh*, 919 F.3d 161, 163–64 (2d Cir. 2019) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). Because each element is essential to Thorpe's claim, if the Court determines that one

3

element is lacking, it need not address the others. This case can be disposed of on the third element, because of the existence of probable cause. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York.").

Under New York law, where a plaintiff has been indicted by a grand jury, the indictment creates "a presumption of probable cause." *Id.* To ultimately prevail in such circumstances, a plaintiff must rebut that presumption by pointing to "evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other . . . conduct undertaken in bad faith." *Id.* (citation and internal quotation marks omitted). Of course, at the pleadings stage, plaintiffs need only plausibly allege facts that allow the Court to draw the reasonable inference that the grand jury indictment was secured through such means. *See Costabile*, 951 F.3d at 80–81.

Thorpe argues the amended complaint plausibly alleges grounds for overcoming the presumption of probable cause. He alleges Delta knowingly provided false or misleading information to investigators regarding key facts, which he says proves the indictment was procured through fraud, perjury, suppression of evidence, or other conduct undertaken in bad faith. In turn, Delta argues that the amended complaint is silent as to the evidence used to secure the indictment in the grand jury, and that Thorpe's allegations are no more than conjecture.

4

The amended complaint does allege that the purportedly false or misleading information provided by Delta was "material in securing the indictment against Plaintiff." J. App'x at 10. Even assuming that is sufficient at the pleadings stage, the relevant allegations suffer from a more fundamental problem: they are made on information and belief. *See id.* Though allegations on information and belief may sometimes be enough to overcome the presumption, we have held that "[t]hose magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'" *See Citizens United v. Schneiderman*, 882 F.3d 374, 384–85 (2d Cir. 2018) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

Neither of those conditions is met here. First, Thorpe's failure to allege facts based on personal knowledge is inexcusable because Thorpe was present throughout an entire trial based on the indictment relevant here, and that trial was completed prior to the filing of his amended complaint. Thorpe is thus aware of the evidence that was used to unsuccessfully prosecute him, and he can draw upon that evidence to support allegations of bad faith conduct. Second, the amended complaint does not identify any facts capable of plausibly suggesting that the grand jury indictment was improperly secured.

5

Thus, Thorpe's allegations on information and belief are insufficient to overcome the presumption of probable cause, and as a result, he has failed to state a malicious prosecution claim.

We have considered Thorpe's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court