22-2505-cv
Earl v. Good Samaritan Hosp. of Suffern NY

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.

PRESENT:  DENNIS JACOBS,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　WILLIAM J. NARDINI,
　　　　　　　　*Circuit Judges*.

-------------------------------------------------------------------

NICHOLAS EARL,

　　　　　*Plaintiff-Appellant*,

NURSE ANONYMOUS,

　　　　　*Plaintiff*,

　　　v.　　　　　　　　　　　　　　　　　　　　　No. 22-2505-cv

GOOD SAMARITAN HOSPITAL OF SUFFERN
NY, BON SECOURS CHARITY HEALTH

SYSTEM, WESTCHESTER HEALTH CARE
FOUNDATION, INC., DBA WESTCHESTER
HEALTH CARE NETWORK, INC.,

*Defendants-Appellees,*

WESTCHESTER MEDICAL HEALTH
FOUNDATION, INC., WESTCHESTER COUNTY
HEALTH CARE CORPORATION, DBA
WMCHEALTH,

*Defendants.*\*

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY |
| FOR DEFENDANTS-APPELLEES: | BRIAN J. CLARK (Allison B. Gotfried, *on the brief*), Venable LLP, New York, NY |

Appeal from a judgment of the United States District Court for the

Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Nicholas Earl appeals from a September 7, 2022

judgment of the United States District Court for the Southern District of New

---

\* The Clerk of Court is directed to amend the caption as set forth above.

2

York (Román, *J.*), dismissing his claims of discrimination on the basis of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a) (collectively, the "Acts"), as well as various New York statutory and common law claims. We assume the parties' familiarity with the underlying facts, which we draw from Earl's second amended complaint ("SAC"), and the procedural history, to which we refer only when necessary to explain our decision to affirm.

From October 2018 to April 2020 Earl was a critical care nurse employed by Defendant-Appellee Good Samaritan Hospital of Suffern NY (the "Hospital"). Earl filed claims under the ADA and Section 504(a) based on the Hospital's failure to accommodate his alleged disabilities, namely, his pre-existing chronic kidney disease and COVID-related symptoms.[1] The District Court dismissed the ADA claims because Earl failed to exhaust his administrative remedies. It dismissed the Section 504(a) claims because Earl failed to allege a disability

---

[1] Earl also brought claims under the ADA and Section 504(a) for discrimination based on a perceived disability. He alleged that the Hospital discriminated against him based on his potential to infect others with COVID-19 after his return to work. The District Court dismissed these claims because the allegations supporting the claims were speculative and contradictory. Because Earl did not present arguments on appeal challenging the District Court's dismissal of these claims, we conclude that he has abandoned any such challenge. *Tafolla v. Heilig*, 80 F.4th 111, 115 (2d Cir. 2023).

under the Rehabilitation Act.   The District Court then declined to exercise supplemental jurisdiction over the remaining state law claims.

"We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014).   "Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements," *Rodriguez v. City of N.Y.*, 197 F.3d 611, 618 (2d Cir. 1999), we consider the merits of Earl's claims under these statutes in tandem.

To state a claim for failure to accommodate under the ADA and Section 504, Earl must allege, among other elements, that he is "a person with a disability under the meaning of the [Acts]" and the "employer covered by the statute had notice of [the] disability." *McMillan v. City of N.Y.*, 711 F.3d 120, 125–26 (2d Cir. 2013) (quotation marks omitted).   Earl will be considered disabled under the Acts if he has "a physical or mental impairment that substantially limits one or more major life activities[.]" *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 92 (2d Cir. 2021) (quotation marks omitted); *see also* 42 U.S.C. § 12102(1)(A); 45 C.F.R. § 84.3(j)(1).

4

## I. Failure to Accommodate Earl's Chronic Kidney Disease[2]

Earl does not adequately allege that his chronic kidney disease constituted a disability or handicap under the Acts. In deciding whether an impairment "substantially limits" a major life activity and thus qualifies as a disability under the ADA, we construe the term "broadly in favor of expansive coverage, to the maximum extent permitted." *Hamilton*, 3 F.4th at 93 (quotation marks omitted). An individual whose kidneys cannot properly function without, for example, "mechanical assistance" or "regular dialysis," faces a substantial limitation in a major life activity. *Gilbert v. Frank*, 949 F.2d 637, 641 (2d Cir. 1991). But Earl's allegations fall short of showing such a substantial limitation.

He acknowledges taking medication since 2017 to treat intermittently

---

[2] We note one error by the District Court: Its dismissal of Earl's ADA claims for failure to exhaust administrative remedies. Exhaustion is a statutory precondition to bringing suit under the ADA, *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018), and in the SAC, Earl's only evidence of exhaustion was his claim that he "filed a charge within 300 days of his termination and got a right to sue [sic] within the previous week," Joint App'x 90. But the burden of pleading and proving a failure to exhaust under the ADA "lies with defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (describing exhaustion requirements in the Title VII context); *see* 42 U.S.C. § 12117 (applying Title VII's exhaustion requirements to ADA claims). While Defendants-Appellees stated that they had not seen Earl's right-to-sue letter and could not determine whether he had exhausted his administrative remedies, they did not contest that Earl had received a letter or argue that the claims should be dismissed on this basis. The dismissal of Earl's ADA claims on this basis was thus error.

increased protein levels in his urine associated with his kidney disease and that contracting COVID "accelerated the progression of his kidney disease."   Joint App'x 67.   These allegations do not show that Earl's kidney disease substantially limited his ability to engage in major life activities.   And although Earl also alleges that his disease "substantially limits his ability to eat certain foods and[] . . . filter nutrients from the bloodstream and eliminate waste," Joint App'x 90, we will not credit a legal conclusion couched as a factual allegation, *Hamilton*, 3 F.4th at 91.

## II.     Failure to Accommodate Earl's COVID-Related Symptoms

Nor are we persuaded that Earl's COVID-related complications count as a qualifying disability.   As the District Court concluded, Earl failed adequately to allege that the COVID-related loss of smell and taste, disrupted sleep, difficulties with concentration, digestion issues, and problems breathing and exercising, many of which affect major life activities, "substantially limit[ed]" those activities while he worked at the Hospital, as required by 42 U.S.C. § 12102(2)(A).   And even if Earl's impairments were severe enough to be a disability under the ADA, Earl still has not stated a claim for failure to accommodate because he has failed to adequately allege that the Hospital "had notice of [the] disability."   *McMillan*,

6

711 F.3d at 126 (quotation marks omitted); *Coulter*, 753 F.3d at 366 ("We . . . may affirm on any basis supported by the record.").   Even if, as Earl alleges, the Hospital was aware that Earl had COVID, there is no allegation that it was aware of his other, COVID-related impairments.   *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 82 (2d Cir. 2020).   Nor does the complaint allege facts from "which it could plausibly be inferred that [his] disability was obvious" to the Hospital.   *Id.* at 82 (quotation marks omitted).   For example, Earl's taste impairment would not have been obvious to the Hospital because upon returning to the Hospital, Earl reported that he was able to taste the testing solution during a fit test for a mask.

We therefore conclude that the SAC fails adequately to allege that the Hospital "knew or should reasonably have known" Earl was disabled due to his COVID-related symptoms.   *Costabile*, 951 F.3d at 82.

## CONCLUSION

We have considered Earl's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Cathrine O'Hagan Wolfe, Clerk of Court